IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JUDY WHITE and GARY WHITE,           )
                                     )
    Plaintiffs,                      )
                                     )
v.                                   )   No. 13-2173-JDT/tmp
                                     )
DELORES STEPHENS, et al.,            )
                                     )
    Defendants.                      )
                                     )

_____

**REPORT AND RECOMMENDATION**
_____

On March 19, 2013, the plaintiffs jointly filed a *pro se* complaint against numerous federal prison officials, prison medical staff, prison counselors and case managers, prison facilities, Attorney General Eric Holder, the Department of Justice, and President Barack Obama. Plaintiff Judy White is a resident of Jefferson County, Alabama. Her 66 year old husband, plaintiff Gary White, is a federal prisoner currently serving a 120 month sentence for convictions on federal-funds bribery and conspiracy charges.[1] From September 2010 to December 2011, he was incarcerated at the federal prison in Edgefield, South Carolina. Beginning on December

_____

[1]For a background of the circumstances surrounding Mr. White's conviction, see United States v. White, 663 F.3d 1207 (11th Cir. 2011), in which the Court of Appeals affirmed Mr. White's conviction and sentence. Mr. White's petition for writ of certiorari was denied by the Supreme Court. White v. United States, 133 S. Ct. 646 (2012).

28, 2011, Mr. White was moved to federal prisons in Atlanta, Georgia, Oklahoma City, Oklahoma, and Millington, Tennessee. In February 2013, he was moved to the federal prison in Forrest City, Arkansas, where he is currently housed. It is unclear whether he is currently in the "Low" or "Medium" security facility in Forrest City.

In their complaint, plaintiffs allege that Mr. White was transferred to various federal prison facilities without notice to Mrs. White or to Brian Cloud (his civil attorney in Alabama). They claim Mr. White was harmed and injured by being locked in solitary confinement; denied his prescribed medication; denied adequate food, shelter and clothing; and subjected to outrageous and abusive treatment, including being compelled to stand outside in freezing temperatures in the rain dressed only in a thin paper jumpsuit while shackled and handcuffed. They contend that on numerous occasions, Mrs. White and Mr. Cloud have been denied access to Mr. White, including being denied visitation, telephone calls, and email communications. Plaintiffs claim that prison personnel have repeatedly harassed Mrs. White when she has gone to visit her husband in prison, including subjecting her to "unwarranted physical searches, including assaulting and sexually assaulting Mrs. White, touching every part of Mrs. White's body and groping the crotch of Mrs. White's pants on numerous occasions." Other forms of abuse and harassment alleged in the complaint include

denying Mr. White the chance to attend his mother's funeral and not allowing him to leave prison to be with his wife when she had to undergo major surgery. Plaintiffs also make numerous allegations regarding fraud and corruption within the Bureau of Prisons ("BOP").

Plaintiffs claim that various prison officials and medical personnel have withheld necessary prescribed medication, falsified his medical records, wrongfully disclosed his medical records, and refused to provide Mrs. White and Mr. Cloud with his medical records despite repeated requests for those records. Plaintiffs allege that prior to his imprisonment in 2010, Mr. White had a prostate-specific antigen ("PSA") level of 2.0, and that as of about six months ago, his PSA level has risen to 5.32, indicating that he might have prostate cancer. They contend that in November 2012, Mr. White was finally allowed to be seen by a private, non-BOP urologist in Memphis, Tennessee. During that doctor's visit, the urologist called Mrs. White, at which time the three of them spoke over the speaker phone about Mr. White's medical condition and treatment. Plaintiffs claim that after Mr. White returned to the prison from that doctor's visit, prison officials took away the prescription samples he had received from the urologist. He was later placed in solitary confinement, allegedly because the Whites had engaged in discussions about a pending lawsuit when he was seen by the urologist, in violation of BOP regulations. Plaintiffs

-3-

claim Mr. White was brought before the Disciplinary Hearing Officer ("DHO") without notice, and that the hearing itself was conducted without permitting Mr. White to call witnesses, conduct research, or present evidence in his defense.  At the conclusion of the hearing, Mr. White was punished with, among other penalties, the loss of six months of visitation, telephone, and email privileges.  Plaintiffs claim that the prison has denied Mr. White his "DHO Report" and has prohibited him from filing an appeal of the DHO's ruling.

The complaint includes 44 counts.  For counts 1 through 35, the plaintiffs attempt to incorporate by reference counts 1 through 35 contained in other complaints relating to Mr. White's prison conditions that they filed in the District Court for the District of South Carolina.[2]  The remaining counts allege causes of action for conspiracy, obstruction of justice, violation of the Americans with Disabilities Act ("ADA"), assault, conversion of property, theft, "outrage," intentional infliction of emotional distress, false imprisonment, and 42 U.S.C. § 1983 claims based on Eighth

---

[2]The civil docket for the District of South Carolina reflects two cases filed by the Whites against prison officials, White v. Mitchell (case no. 8:12-cv-2840-TMC, complaint filed Oct. 1, 2012) and White v. Miller (case no. 8:11-cv-00144-HMH, complaint filed Jan. 1, 2011).  On January 11, 2013, the court dismissed the Mitchell case, and no appeal was taken.  On June 20, 2011, the court dismissed Miller.  The Whites appealed the dismissal in Miller, and the Court of Appeals for the Fourth Circuit affirmed the dismissal. See White v. Mackelburg, 459 F. App'x 285 (4th Cir. 2011).

Amendment violations. Plaintiffs ask that the court release Mr. White from custody, declare the Prison Litigation Reform Act ("PLRA") unconstitutional, and award damages.

Federal Rule of Civil Procedure 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). However, Federal Rule of Civil Procedure 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." Lee v. Cook Cnty., 635 F.3d 969, 971 (7th Cir. 2011).

The court, based on its review of the complaint, *sua sponte* recommends that Mr. White's claims be severed from Mrs. White's claims. The vast majority of the claims in the complaint relate only to Mr. White and his prison conditions. Only a few claims relate to Mrs. White, such as her claim that she was subjected to unreasonable searches and seizures by prison personnel when she

visited her husband in prison and her claim that the prison is not ADA compliant because it does not provide her with access to handicapped parking. Mrs. White does not have standing to pursue Mr. White's prison condition claims. The constitutional and prudential components of standing must be satisfied before a litigant may seek redress in a federal court. Hill v. Pa. Dep't of Corr., No. 13-1066, 2013 WL 1320413, at *1 (3d Cir. Apr. 3, 2013). "Three components comprise the 'irreducible constitutional minimum of standing': an 'injury in fact' that is concrete and particularized and actual or imminent; a causal connection between the injury and the complained-of conduct; and a likely, not speculative, redressability of the injury through a favorable decision." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "Prudential standing requires, inter alia, that a litigant assert his or her own legal rights and not rely on the rights or interests of third parties." Id. (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). In Hill, plaintiff Donna Hill filed a § 1983 complaint on behalf of her husband, Dwayne Hill, an inmate with the Pennsylvania Department of Corrections. Mrs. Hill claimed that the prison where her husband was housed violated Mr. Hill's civil rights under the Eighth and Fourteenth Amendments because the prison stopped giving Mr. Hill his medication, changed his mental health code for a non-medical reason, moved him from a single-cell to a double-cell, harassed him, employed an

insufficient number of mental health professionals, and employed underqualified mental health professionals.  Mrs. Hill alleged that the defendants' actions exacerbated Mr. Hill's mental health condition, caused him to have disciplinary problems, and resulted in a suspension of mail and visiting privileges between the Hills. Id.  The Magistrate Judge submitted a report and recommendation, in which he recommended that the case be dismissed because Mrs. Hill lacked standing to bring claims on behalf of her husband.  The recommendation was adopted by the District Judge, and the Third Circuit affirmed, stating that "[t]he complaint primarily alleged violations of Mr. Hill's constitutional rights; thus insofar as Mrs. Hill sought to assert Mr. Hill's rights, the District Court correctly concluded that she lacked standing." Id. at 2.  Like the plaintiffs in Hill, the Whites' complaint primarily alleges violations of Mr. White's constitutional rights, and therefore Mrs. White lacks standing to bring these claims on behalf of her husband.

Severance is particularly appropriate in this case because the plaintiffs are proceeding *pro se*, and Mrs. White has attempted to litigate this case and other federal cases filed in the District of South Carolina on behalf of her husband, which she cannot do.[3]  See

---

[3]In the court's Order Denying Plaintiffs' Motion for Appointment of Counsel (ECF No. 34), the court cautioned the plaintiffs that "[f]ederal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C. § 1654.  That statute provides that, "[i]n all

28 U.S.C. § 1654; see also Garrison v. Fleet Fin., Inc., No. 97-6422, 1999 WL 282626, at *1 (6th Cir. Apr. 30, 1999); Johns v. Cnty. of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); Cochran v. Nelson, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994); Peak v. Smith, No. 91-5902, 1992 WL 60194, at *1 (6th Cir. Mar. 27, 1992). In a recent case, this court ordered a joint *pro se* complaint brought by sixteen prisoners severed, even though all sixteen inmates signed the complaint. See Horton et al. v. Chuck Arnold et al. (case no. 13-1032-JDT-egb, Order Denying Motion to Certify a Class, Order Severing Cases and Order Directing Every Plaintiff Except William Horton to Comply with PLRA or Pay $350 Civil Filing Fee, entered May 13, 2013).

For these reasons, it is recommended that the plaintiffs' claims be severed. It is further recommended that, should this recommendation be adopted, the court direct the Clerk of Court to (1) apply the filing fee already paid to Mrs. White's case; (2) open a new civil action for Mr. White's case; (3) docket a copy of the complaint and this order in the new case; and (4) reflect on the new case docket that Mr. White's mailing addresses are (a) Gary L. White, BOP #26784-001, FCI Forrest City - Medium, Federal

---

courts of the United States, the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Id. This statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002) (citing Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)).

Correctional Institution, P.O. Box 3000, Forrest City, Arkansas 72336, and (b) Gary L. White, BOP #26784-001, FCI Forrest City - Low, Federal Correctional Institution, P.O. Box 9000, Forrest City, Arkansas 72336.[4]  It is further recommended that the court order Mr. White, within thirty (30) days, to pay the $350.00 filing fee as required by 28 U.S.C. § 1914(a), or submit an *in forma pauperis* affidavit and a copy of his inmate trust account statement for the last six months.  If Mr. White timely submits the proper documentation, and the court finds that he is indeed indigent, the court will assess the filing fee in accordance with the installment procedures of § 1915(b).  Mr. White's complaint will be subject to the PLRA's screening requirement.

    Respectfully submitted,

                                            s/ Tu M. Pham
                                            TU M. PHAM
                                            United States Magistrate Judge

                                            May 28, 2013
                                            Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P.**

---

[4]It is unclear from the Federal BOP's website whether Mr. White is located at the Low or Medium security facility.  The complaint alleges that he is housed at the Medium security facility.  Until the court receives confirmation from Mr. White regarding the exact facility where he is located, both addresses should be used.

**72(B)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**